[No. 5098.]
[No. 2675 C. A.]

### MORRIS ET AL. v. WILSON ET AL.

1. **Practice in Civil Actions—Cancellation of Instruments— Pleading—Evidence.**

   In an action to restrain the sale of property under a trust deed and for the return of the note secured thereby, upon the ground that it was an accommodation note and without consideration, the defendant, under an answer denying such allegations, may give evidence tending to prove consideration, since such evidence tends to disprove the allegations of the complaint.—P. 466.

2. **Appellate Practice—Matters Not Shown in Abstract—Errors Not Pointed Out.**

   Evidence not presented by the abstract will not be reviewed on appeal, nor will the appellate court search for errors not specifically pointed out.—P. 468.

*Appeal from the District Court of Arapahoe County. Hon. P. L. Palmer, Judge.*

Action by Samuel L. Morris and Emma L. Morris against William J. Wilson, John R. Hanna and John A. Hoagland. From a judgment for defendants, plaintiffs appeal.          *Affirmed.*

Mr. CLINTON REED and Mr. S. L. SMITH, for appellants.

Messrs. THOMAS, BRYANT & MALBURN, for appellees.

Mr. JUSTICE CASWELL delivered the opinion of the court:

It may be safely stated that the record in this case is not in conformity with any of the rules governing the presentation of appealed cases to this court. It may be gathered from the same, however, that in April, 1891, appellants, as plaintiffs below, brought suit in the district court of Jefferson county alleging, in substance, that on April 20, 1888, Samuel L. Morris executed and delivered to the appellee Wilson, who was defendant below, his note for fifty-five hundred dollars ($5,500.00) secured by a trust deed on an interest in certain land in Jefferson county; that the said note was an accommodation note solely and without consideration; that the same was obtained by Wilson by misrepresentation and fraud; and that the said Wilson was about to enforce the collection of the same by foreclosure of the trust deed, instead of returning the note to the plaintiffs and releasing the deed of trust. The prayer was for injunction to restrain the sale of the property securing the payment of the note, and for return of the latter. The trustee named in the trust deed and the sheriff of Jefferson county, as successor in trust, were joined as defendants. The complaint further alleges that, after the execution of the note and trust deed, the plaintiff, Samuel L. Morris, sold and conveyed the property described in the deed to Emma L. Morris, his wife, who is named as one of the plaintiffs.

The answer of the defendant Wilson is in effect a denial of the allegations of the complaint, as far as same related to the obtaining of the note by fraud and misrepresentation, and a denial that the same was without consideration.

The plaintiffs obtained judgment at the first trial, from which appellees herein appealed to the

court of appeals, and the judgment so obtained was reversed.—*Wilson v. Morris*, 4 Colo. App. 242. One of the principal grounds of reversal was that the trial court should have admitted certain testimony, proffered by the defendants below, to show that there was a consideration for the note so executed by Morris, which had been rejected at the instance of the plaintiffs below upon the ground that it was not properly admissible under the pleadings. After the cause was remanded a change of venue was taken to Arapahoe county, and upon the second trial a judgment was rendered for the defendants, from which judgment appellants prosecute this appeal.

The record discloses that there was a consideration for the note. The plaintiffs below objected to the testimony showing the consideration, upon the ground that the same was inadmissible under the denials of the answer and that the admission of the same was error, which error is assigned and discussed in this court. Under the issues presented by the plaintiffs in this case, the testimony was properly admitted. The plaintiffs allege in their complaint that the note and trust deed were solely for accommodation and without consideration and that they were obtained by fraud. The defendant denied this, and the evidence introduced goes to disprove the allegations of the complaint. The evidence was admissible under the denials if it tended to disprove plaintiffs' allegations.—Bliss on Code Pleading, § 327, and cases cited.

Appellant urges that when it appeared that there was consideration for the note, the trial court sitting in equity should have ordered an accounting to determine how much was due, upon the theory that the trust deed was being foreclosed and the property sold to pay the full amount of the note, when only a portion of the same was shown to be due

and owing from Morris. It is also claimed that
the answer of defendant admits that there was no
consideration for the full amount of the note. It
must be remembered that these pleadings are framed
on the issues tendered by plaintiff, to wit, whether
there was any consideration and as to whether the
note was obtained by fraud and misrepresentation.
Unless the plaintiff can sustain this contention he
cannot recover so far as the pleadings are concerned.
It is further true that the jurisdiction having at-
tached in equity, the court may retain the case to
settle all questions between the parties. From the
abstract of record it seems that the court attempted
to do so. The abstract shows that evidence was in-
troduced by both parties, apparently without strict
regard to the pleadings, showing all the transactions
between them in respect hereto. The record dis-
closes that books of accounts were introduced includ-
ing entries in reference to a certain mining lease,
and certain checks were in evidence. Apparently
the plaintiffs were permitted to introduce all the
evidence they desired in connection with the matter,
regardless of the fact that the complaint does not
ask for an accounting. It does not appear by the
record that there were any restrictions upon either
plaintiffs or defendant in the introduction of evi-
dence in an attempt to state the account between
them. It appears by the evidence of defendant Wil-
son, that prior to the time of the alleged foreclosure,
or attempted foreclosure, he had advanced to appel-
lant sums of money equal to or in excess of the
amount of the note. It appears that a very large
part of these moneys was advanced prior to and
at the time of making the note, and the evidence
tends to show that this note was made in settlement
of certain accounts between the parties, as stated by

their bookkeeper, at the date of the execution of the note and trust deed.

The main contention seems to have been whether some portions of these moneys were advanced by defendant Wilson for the benefit of the plaintiff Morris, and to enable Morris to pay debts due and expenses to become due on account of a certain mining lease, or whether they were advanced by Wilson on his own account, and should not have been charged to the plaintiff. There was much conflicting testimony upon this point, but all these matters were questions of fact properly submitted to the court below for its determination, and we presume it found the issues in favor of the defendant. There was sufficient evidence to support such findings, as shown by the record as presented. Appellant in his brief argues at length concerning what the books did and did not show. We cannot review this testimony for the reason that it is not presented by the abstract. The brief nowhere points out any folio or page of the abstract which calls our attention to the book entries, and upon a careful examination of the abstract we are unable to discover any book entries, although many are alluded to.

We cannot and do not attempt to review evidence not presented by the abstract, nor to search for errors that are not specifically pointed out. As a matter of fact the abstract contains no record of the judgment which is alleged to have been entered. We are presuming that there was a judgment unfavorable to the appellants from which this appeal was taken.

Appellants contended in reply that the pleadings in and by themselves are sufficient to show that error was committed in permitting introduction of testimony to show that there was consideration for the note and trust deed. We cannot agree with this

contention for the reasons above stated. No specific errors being pointed out by appellants in the record in this case sufficient to warrant or demand a reversal, the judgment must be affirmed.     *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.